**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JORDAN WEXLER, individually, and on
behalf of all others similarly situated,           Case No. 16-cv-1379

    Plaintiff,           **CLASS ACTION COMPLAINT**

v.           **JURY TRIAL REQUESTED**

PAUL MICHAEL MARKETING SERVICE, INC.
d/b/a PAUL MICHAEL ASSOCIATES,
a New York corporation,

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

1.    Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Paul Michael Marketing Service, Inc. d/b/a Paul Michael Associates. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction under 15 U.S.C. §1692k(d).

3.    Venue and personal jurisdiction in this District are proper because the Defendant does business within this District and the actions or inactions giving rise to the FDCPA violations alleged herein occurred within this district.

## PARTIES

4.    Plaintiff, Jordan Wexler ("Plaintiff"), is a natural person who resides in Nassau County, New York.

1

5. As more fully set forth herein, Plaintiff allegedly owes "debt" within the meaning of 15 U.S.C. § 1692a(5) and is therefore a is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

6. Defendant, Paul Michael Marketing Service, Inc. d/b/a Paul Michael Associates ("Defendant") is a New York corporation whose principal address is 159-16 Union Turnpike, Suite 302, Flushing NY 11366, and whose registered agent for service of process in the State of New York is Drew B. Wasserman, Esq., 186-09 Union Turnpike, Flushing, NY 11366.

7. Defendant is engaged in a business the principal purpose of which is the collection of debts and in so doing, uses various means of interstate commerce or the mail in collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

8. On or about March 9, 2016, Defendant sent, and Plaintiff received a reasonable time thereafter, a form debt collection letter alleging therein that Plaintiff owed a debt to Sheil Medical Labs in the amount of $32.35. A true and correct copy of the letter Plaintiff received is attached hereto as **Exhibit A**.

9. In addition to informing Plaintiff that the "amount is outstanding and past due," **Exhibit A** unmistakably warns, in bold, capital letters, that Defendant is a "**SUBSCRIBER TO EXPERIAN, TRANSUNION AND EQUIFAX**."

10. It is generally known that debt collectors often use credit reporting as a way to induce consumers to pay debts, therefore the subject warning (especially when made in such a bold, conspicuous and unmistakable fashion) reasonably led Plaintiff (as it would any consumer)

to believe that Defendant, in the event of nonpayment, would report the Shiel Medical Labs debt on his credit report.

11.     To the contrary, however, it is Defendant's advertised policy and practice <u>not</u> to report balances of <u>less than $50.00</u> to the credit bureaus.[1] Therefore, contrary to the implied threat to report the alleged Shiel Medical Labs debt to Experian, Transunion and Equifax, Defendant never had any intent to do so. Instead, the false and deceptive threat was made for no other purpose than to induce payment, regardless of the validity of the debt.

## CLASS ALLEGATIONS

12.     Plaintiff also brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

13.     The class consists of all natural persons with addresses in the State of New York who were the subject of a communication from Defendant, made within the time frame relevant to this action, which both sought to collect a personal or household debt less than $50.00 and contained the statement, "Subscriber to Experian, Transunion and Experian."

14.     For purposes of the class definition, the "time frame relevant to this action" is that period of time beginning one year prior to the filing of the original complaint in this action, through and including the date of class certification.

15.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class, including the Plaintiff.

16.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant

---

[1] Source: http://www.pmacollections.com/services.html (Last accessed: April 9, 2016).

3

common question is whether the Defendant threatened to take any action (i.e., report debts less than $50.00 to the credit bureaus) that was not intended to be taken.

17. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

18. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

19. A class action is superior for the fair and efficient adjudication of this matter, in that:

>a. Individual actions are not economically feasible;
>
>b. Members of the class are likely to be unaware of their rights;
>
>c. Congress intended class actions to be a principal enforcement mechanism under the FDCPA.

## COUNT I

## DEFENDANT'S VIOLATION OF 15 U.S.C. 1692e

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including but not limited to the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). Likewise, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

22. Defendant, through **Exhibit A**, sought to collect a debt from Plaintiff in the amount of $32.35 in part by impliedly threatening to report Plaintiff's debt to the credit bureaus

4

despite its advertised policy and practice <u>not</u> to report balances of <u>less than $50.00</u> to the credit bureaus. In so doing, Defendant violated 15 U.S.C. § 1692e(5) and § 1692e(10). The implied threat to report Plaintiff's debt to the credit bureaus constitutes both a threatened act that was never intended to be taken and a false or deceptive means of collecting debt.

23. Because Defendant's unlawful collection communication employs one or more of the acts proscribed by 15 U.S.C. § 1692e, Defendants are liable to the Plaintiff for statutory damages pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and against Defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: Atlanta, Georgia
April 11, 2016

**The Law Offices of Shimshon Wexler, PC**

By: /s Shimshon Wexler
Shimshon Wexler
*Attorney for Plaintiff*
216 W 104th St., #129
New York, NY 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexleresq@gmail.com
licensed in New York and Georgia

Plaintiff requests a trial by jury on all issues so triable.

By: /s Shimshon Wexler

# **EXHIBIT A**

**PAUL MICHAEL ASSOCIATES**
159-16 Union Turnpike Ste 302
Flushing, NY 11366
(718)740-1401
New York City Consumer Affairs License #0894190

March 9, 2016

Jordan Wexler        6524229        RE: Shiel Medical Labs
44 Vinton St                                    **BALANCE DUE**     : **$32.35**
Long Beach, NY 11561-2608          ACCOUNT NUMBER : E06141260

Please be advised that this office represents the above creditor who has turned over your account in the amount indicated above for collection. This amount is outstanding and past due.

Unless you notify our office within thirty (30) days after receipt of this letter that you are disputing the validity of the debt, or any portion of it, we will assume that the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

In order to credit your account properly, you must return the bottom portion of this letter with your payment.

**Please forward your check or money order made payable to PAUL MICHAEL ASSOCIATES.**

This letter is an attempt by a debt collector, to collect a debt; any information obtained will be used for that purpose.

Thank you,

Bob Stone

**SUBSCRIBER TO EXPERIAN, TRANS-UNION AND EQUIFAX**

---

159-16 UNION TURNPIKE STE 302
FLUSHING NY 11366-1955
RETURN SERVICE REQUESTED

RE: Shiel Medical Labs
**Total Due : $32.35**
Acct #: E06141260
☐ Visa  ☐ MC  ☐ AmEx  ☐ Disc  Security Code: _____
Card #: _____
Exp Date: ___ / ___ / ___  Pmt Amt: $_____
Print Name on card: _____
Signature: _____

PERSONAL & CONFIDENTIAL
JORDAN WEXLER    6524229
44 VINTON ST
LONG BEACH NY 11561-2608

PAUL MICHAEL ASSOCIATES
159-16 UNION TURNPIKE STE 302
FLUSHING NY 11366-1955

PM1 001644P 1 798 001640 69 065600 Z-CRE     March 9, 2016 | PM1